## SARAH E. KENT *vs.* JOSIAH DUNHAM & another.

An heir at law, who has notice of an appeal taken by another heir at law from the probate of a will, and takes no steps towards prosecuting that appeal, cannot, after the expiration of thirty days, though within a year, from the decree, and after it has been affirmed by this court by consent of the first appellant, obtain leave to make a new appeal under the Rev. Sts. *c.* 83, § 39, or have the decree of affirmance set aside.

PETITION under the Rev. Sts. *c.* 83, §§ 39–42, for leave to enter and prosecute an appeal from a decree made by the probate court in May 1857, admitting to probate the will of Josiah Dunham, deceased, of which the respondents were executors.

At the hearing the petitioner offered to prove that she had no actual notice of any proceedings or decree in the probate court in regard to this will until more than thirty days after the decree; that at the time of receiving such notice, she was also informed that the decree had been appealed from by her uncle, another heir at law, and that the appeal had been duly entered in this court, and was then pending here, and would be prosecuted; that afterwards, in August 1857, while the petitioner was absent in another state, and by an agreement of compromise between the executors and her said uncle and certain other heirs at law, that appeal was withdrawn from the files of the probate court, and the decree of that court was, by consent of parties, affirmed by order of this court; all which was unknown to the petitioner until some time after her return to this state in December 1857; and that immediately upon receiving notice thereof she consulted counsel, and forthwith presented her petition to this court.

*Bigelow,* J. reported the case to the full court, with the agreement that if they should be of opinion that the case of the petitioner was not within the provisions of the statute, the petition should be dismissed; otherwise, it should stand for hearing

*J. G. Abbott & W. Dwight,* for the petitioner. This court has power to vacate or set aside a judgment of a former term in a case where justice requires it to be done. It acts in such a case by virtue of its " inherent power over its own judgments." *Can-·*

*nan* v. *Reynolds*, 5 El. & Bl. 301. *Usher* v. *Dansey*, 4 M. & S. 94. *Pickwood* v. *Wright*, 1 H. Bl. 643. *Wade* v. *Simeon*, 13 M. & W. 647. *M'Kee* v. *Bank of Mount Pleasant*, 7 Ohio, pt. 2, 175. *Reynolds* v. *Stansbury*, 20 Ohio, 344, and cases cited. *Bailey* v. *Hearn*, 3 Greene, (Iowa,) 415. *Peters* v. *Peters*, 8 Cush. 540.

A case arises for the exercise of this extraordinary and inherent power, where it appears to the court that the judgment was entered by mistake, or procured by fraud, or where, although the judgment was obtained in due course and without any error or wrong doing, the court sees that it has the effect of giving to the parties or either of them an unconscientious advantage, or of preventing the intended and natural operation of the law. The only limits to the exercise of this power are that the application for its exercise should be made within a reasonable time, and that the parties to the judgment should be restored to their former position and rights without prejudice.

The decree of this court, under which it is contended that the will now stands proved and allowed, has no greater or different effect upon the rights of all persons under the will than the original decree of the probate court while it remained in force ; and is the only obstacle to the relief provided by the statute. The case is entirely without remedy unless within reach of this power.

The present case is a stronger one for the exercise of this inherent power than those above cited, because this petitioner was not a party to the former appeal and judgment.

The statute secures to the person aggrieved all the rights that he would have had under an appeal seasonably entered. Rev. Sts. *c.* 83, §§ 39, 41. The present appeal, if allowed, must therefore relate back to the date of the order of the probate court Upon this construction, the judgment is in legal effect subse quent to the entry of the appeal of this petitioner, and the agreement of the parties, by which it was procured, not only does not bind her, but is a fraud upon her.

If the general prayer for relief in the petition is insufficient, the petitioner will ask leave to amend by adding a special prayer to vacate and set aside the judgment of this court.

*H. F. Durant*, for the respondents.

METCALF, J.* This is the first known instance in which one person has attempted to claim an appeal from a decree of a judge of probate, after the decree has been affirmed by this court, upon an appeal therefrom by another person. And without deciding whether leave to enter an appeal can ever be granted in such a case, we are of opinion that it cannot be granted unless the petitioner, in the language of the Rev. Sts. *c.* 83, § 39, is " without default," and " justice requires a revision of the case."

This petitioner is not without default. She knew, in July 1857, that her uncle, another heir at law of the testator, had appealed from the decree of the judge of probate, and that the appeal was pending in this court. If she did not choose to rely on his appeal, and the result of it, she might, as soon as she had notice of it, have petitioned to become a party to it, or to enter an appeal in her own behalf. If such petition had been granted, she might have prosecuted the appeal to a final result, although her uncle had withdrawn his own appeal. But it is manifest that she relied entirely on his management of the appeal; for it does not appear that she ever expressed any wish to him, or made any communication to him respecting the prosecution thereof. She must therefore abide by his disposition of the case and by the affirmance of the decree appealed from by him.

The petitioner asks leave to amend (if the petition, as drawn, cannot be granted) by adding a special prayer to vacate and set aside the judgment of this court affirming the decree of the judge of probate. We greatly doubt our authority to vacate that judgment. But if we have such authority, we see no better reason for exercising it in this case, than for granting the petition in its present form.            *Petition dismissed.*

---

* HOAR, J., did not sit in this case.